# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STEPHEN EISENMANN**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**FORD MOTOR COMPANY and ILLINOIS TOOL WORKS INC.**<br><br>    **Defendants.** | Case No.<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Stephen Eisenmann files this Compliant for patent infringement against Defendants Ford Motor Company and Illinois Tool Works Inc., and in support states, all upon information and belief:

## PARTIES

1.      Plaintiff Stephen Eisenmann ("Eisenmann" or "Plaintiff") is an individual with an address of 230 Shores Drive, Vero Beach Florida, 32963.

2.      Defendant Ford Motor Company ("Ford" or "Defendant1") is a corporation organized and existing under the laws of the State of Delaware.  Ford maintains its registered office at The Corporation Trust Company located at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 and Ford's headquarters are located at One American Road, Dearborn, MI 48126.

3.      Defendant Illinois Tool Works Inc.  ("ITW" or "Defendant2") is a corporation organized and existing under the laws of the State of Delaware.  ITW maintains its registered

office at The Corporation Trust Company located at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 and ITW's headquarters are located at 155 Harlem Avenue, Glenview, IL 60025.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant1 and Defendant2 at least because Defendant1 and Defendant2 are each a corporation organized under the laws of the State of Delaware.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant1 and Defendant2 are each deemed to be a resident of this District.

## PATENT 6,302,169

7. U.S. Patent No. 6,302,169, entitled "Diesel Fuel Nozzle Restrictor" (the "'169 Patent") was duly and legally issued on October 16, 2001. A true and correct copy of the '169 Patent is attached as Exhibit A.

8. The '169 Patent disclosed and exemplified a pioneering, unique, and valuable device and method for improving a fueling device on a diesel vehicle and because the '169 Patent was extremely pioneering the '169 Patent received a first office action allowance.

9. Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past and future damages for infringement of the '169 Patent.

## COUNT I – INFRINGEMENT OF THE '169 PATENT

10. Plaintiff restates and incorporates by reference the foregoing allegations.

11. Ford directly infringed and is infringing at least claim 1 of the '169 Patent by installing, using, and/or selling a diesel fuel nozzle restrictor ("Diesel Fuel Nozzle Restrictor") on at least the Ford F-150 diesel vehicles (model year 2018 to present) where the infringement occurs either literally or under the doctrine of equivalents.

12. The Diesel Fuel Nozzle Restrictor includes all of elements of at least claim 1 of the '169 Patent either literally or under the doctrine of equivalents.  Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing that the use and/or selling of the Diesel Fuel Nozzle Restrictor constituted and/or constitutes infringement of claim 1 of the '169 Patent.

13. ITW directly infringed and is infringing at least claim 1 of the '169 Patent by manufacturing, using, and/or selling the Diesel Fuel Nozzle Restrictor to at least Ford for at least the Ford F-150 diesel vehicles (model year 2018 to present) where the infringement occurs either literally or under the doctrine of equivalents.

14. The Diesel Fuel Nozzle Restrictor includes all of elements of at least claim 1 of the '169 Patent either literally or under the doctrine of equivalents.  Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing that the manufacturing, using, offering for sale and/or selling of the Diesel Fuel Nozzle Restrictor constituted and/or constitutes infringement of claim 1 of the '169 Patent.

15. Ford directly infringed and is infringing at least claim 6 of the '169 Patent by installing, using, and/or selling the Diesel Fuel Nozzle Restrictor on at least the Ford F-150 diesel vehicles (model year 2018 to present) where the infringement occurs either literally or under the doctrine of equivalents.

16.     The Diesel Fuel Nozzle Restrictor includes all of elements of at least claim 6 of the '169 Patent either literally or under the doctrine of equivalents. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing that the use and/or selling of the Diesel Fuel Nozzle Restrictor constituted and/or constitutes infringement of claim 6 of the '169 Patent.

17.     ITW directly infringed and is infringing at least claim 6 of the '169 Patent by manufacturing, using, offering for sale and/or selling the Diesel Fuel Nozzle Restrictor to at least Ford for at least the Ford F-150 diesel vehicles (model year 2018 to present) where the infringement occurs either literally or under the doctrine of equivalents.

18.     The Diesel Fuel Nozzle Restrictor includes all of elements of at least claim 6 of the '169 Patent either literally or under the doctrine of equivalents. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing that the manufacturing, using, and/or selling of the Diesel Fuel Nozzle Restrictor constituted and/or constitutes infringement of claim 6 of the '169 Patent.

19.     Ford directly infringed and is infringing at least claim 11 of the '169 Patent by installing, using, offering for sale and/or selling the Diesel Fuel Nozzle Restrictor on at least the Ford F-150 diesel vehicles (model year 2018 to present) where the infringement occurs either literally or under the doctrine of equivalents.

20.     The Diesel Fuel Nozzle Restrictor includes all of elements of at least claim 11 of the '169 Patent either literally or under the doctrine of equivalents. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing that the use and/or selling of the Diesel Fuel Nozzle Restrictor constituted and/or constitutes infringement of claim 11 of the '169 Patent.

21.     ITW directly infringed and is infringing at least claim 11 of the '169 Patent by manufacturing, using, offering for sale and/or selling the Diesel Fuel Nozzle Restrictor to at least Ford for at least the Ford F-150 diesel vehicles (model year 2018 to present) where the infringement occurs either literally or under the doctrine of equivalents.

22.     The Diesel Fuel Nozzle Restrictor includes all of elements of at least claim 11 of the '169 Patent either literally or under the doctrine of equivalents.  Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing that the manufacturing, using, and/or selling of the Diesel Fuel Nozzle Restrictor constituted and/or constitutes infringement of claim 11 of the '169 Patent.

23.     Ford directly infringed and is infringing at least claim 16 of the '169 Patent by performing all the steps of the method claim in making the Diesel Fuel Nozzle Restrictor on at least the Ford F-150 diesel vehicles (model year 2018 to present) where the infringement occurs either literally or under the doctrine of equivalents.

24.     Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing that making the Diesel Fuel Nozzle Restrictor constituted and/or constitutes infringement of claim 16 of the '169 Patent.


25.     Mr. Pulos, the inventor of the '169 Patent, met with various members of Ford on December 3, 2001 to discuss his pioneering Diesel Fuel Nozzle Restrictor and the invention disclosed in the '169 Patent.  Ford sent communications through email to Mr. Pulos stating that a designer was directed to develop a prototype of the '169 Patent.  Ford and Mr. Pulos continued to communicate over the next few years.  After communicating with Mr. Pulos over a few year period, Mike Levin, an employee of Ford, stated that he was no longer authorized to

communicate with Mr. Pulos and that Mr. Pulos should contact Ford's legal department with any questions. Based on this information, Ford has had actual knowledge of the '169 Patent since at least December 3, 2001 and is willfully infringing the '169 Patent on at least the Ford F-150 diesel vehicles (model year 2018 to present) (See December 3, 2001 Agenda and various emails attached as Exhibit C).

26. ITW has had actual knowledge of the '169 Patent since at least September 17, 2019. Based on this information, ITW has been and is willfully infringing the '169 Patent by manufacturing and selling the Diesel Fuel Nozzle Restrictor for at least the Ford F-150 diesel vehicles made after the September 17, 2019 date.

27. As a result of Ford's and ITW's infringement of the '169 Patent, Plaintiff has suffered damages.

28. Plaintiff has complied with 35 U.S.C. § 287(a), because Plaintiff had never made, offered for sale or sold a product within the scope of any claim of the '169 Patent; no product within the scope of the claims had been made, offered for sale or sold in the last approximately 12 years by any person other that Defendants, and any products within the scope of the '169 Patent claims that were made, offered for sale or sold by any predecessor in interest had been marked with the '169 Patent number.

.**PRAYER FOR RELIEF**

Plaintiff Stephen Eisenmann respectfully requests that the Court find in his favor and against Ford Motor Company and against Illinois Tool Work Inc., and that the Court grants Plaintiff the following relief:

A. an adjudication that Ford and ITW have infringed the '169 Patent;

B. an award of damages to be paid by Ford and ITW adequate to compensate Plaintiff for past and continuing infringement of the '169 Patent through its expiration,

including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts;

C.     a judgment and order holding that the infringement by both Ford and ITW was willful, and awarding treble damages and attorney fees and expenses;

D.     a judgment that this is an exceptional case, and, thus, awarding attorney fees and expenses to Plaintiff; and

E.     any and all other relief to which the Court may deem Plaintiff entitled.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

Of counsel:

Stephen Eisenmann, Esq.
230 Shores Drive
Vero Beach, FL 32963
775-842-7394
sseisenmann@gmail.com

/s/ George Pazuniak
George Pazuniak DE (No. 478)
O'KELLY & ERNST, LLC
824 N. Market Street, Suite 1001A
Wilmington, Delaware  19801
(302) 478-4230
gp@del-iplaw.com

*Attorneys for Plaintiff*