IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN EISENMANN,             ) | |
|                                ) | |
|         Plaintiff,             ) | |
|                                ) | |
|     v.                         ) | C.A. No. 20-575-MN |
|                                ) | |
| FORD MOTOR COMPANY AND         ) | |
| ILLINOIS TOOL WORKS INC.,      ) | |
|                                ) | |
|         Defendants.            ) | |

## MEMORANDUM ORDER

At Wilmington this **26th** day of **April, 2022**, the court having considered the letter submissions regarding the motion to compel filed by defendants Ford Motor Company ("Ford") and Illinois Tool Works Inc. ("ITW;" collectively, "Defendants") (D.I. 69; D.I. 70), as well as the *in camera* production made by plaintiff Stephen Eisenmann ("Plaintiff" or "Mr. Eisenmann"), IT IS HEREBY ORDERED that Defendants' motion to compel is GRANTED-IN-PART for the following reasons:

1.  **Background.** On April 28, 2020, Mr. Eisenmann filed this suit alleging that Defendants' diesel fuel nozzle restrictor infringes at least claim 1 of U.S. Patent No. 6,302,169 ("the '169 patent"), which issued in 2001 to inventor Peter Pulos.

2.  In March 2011, Mr. Pulos sent Ford a cease and desist letter regarding its alleged infringement of the '169 patent. (D.I. 69, Ex. J at ¶¶ 20-21) In response to the letter, Ford filed a lawsuit in the Eastern District of Michigan seeking a declaratory judgment of non-infringement of the '169 patent. (*Id.* at ¶¶ 31-34) The litigation settled in April 2012. (*Id.*, Ex. K)

3.  Mr. Pulos assigned his rights to the '169 patent to his attorney, Mr. Eisenmann, pursuant to an assignment agreement executed on December 7, 2019. (D.I. 69, Ex. L) Mr. Pulos

and Mr. Eisenmann subsequently executed a "confirmation agreement" in October 2021 pertaining to the assignment of the '169 patent. (D.I. 69, Ex. O) Both the assignment agreement and the confirmation agreement have been produced.

4. Mr. Eisenmann, as the assignee, filed the instant suit against Defendants for infringement of the '169 patent in April 2020. (D.I. 1) Mr. Eisenmann subsequently sought admission *pro hac vice* in this matter, but the court entered an order disqualifying him from representing himself in this case due to the likelihood that he would be a necessary witness. (D.I. 36 at 3)

5. On March 18, 2022, Mr. Eisenmann produced an amended privilege log which confirms that Mr. Eisenmann continues to withhold as privileged certain communications with Mr. Pulos regarding the assignment of the '169 patent. (D.I. 69, Ex. D) The privilege log was further amended on March 25, 2022 ("Version 3"), and that is the operative privilege log for purposes of this dispute. (*Id.*, Ex. A)

6. **Legal Standard.** "The burden of justifying the refusal to produce documents on the basis of privilege falls on the party asserting the privilege." *See Reckitt Benckiser Pharms. Inc. v. Dr. Reddy's Labs. SA*, C.A. No. 14-1451-RGA *et al.*, 2016 WL 11694169, at *1 (D. Del. Nov. 4, 2016). To meet this burden, the party asserting the privilege must show: "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, C.A. No. 14-1430-LPS-JLH, 2021 WL 4819904, at *1 (D. Del. Oct. 15, 2021) (quoting *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012)). When the communication "primarily relates to business concerns—as opposed to legal advice—the communication is not within the scope of attorney-client privilege." *Id.* (quoting *Immersion Corp. v. HTC Corp.*, C.A.

No. 12-259-RGA, 2014 WL 3948021, at *1 (D. Del. Aug. 7, 2014) (internal quotation marks omitted)).

7. **Analysis.** Defendants' motion to compel the production of Documents 62 to 68 and 73 on the amended privilege log is GRANTED because the attorney-client privilege does not extend to these documents. The assignment agreement contains a clause confirming that neither Mr. Eisenmann nor his firm represent Mr. Pulos or his legal interests in the assignment transaction and cannot provide legal advice to Mr. Pulos regarding the assignment. (D.I. 69, Ex. L at 3) This language confirms that Mr. Pulos and Mr. Eisenmann stood on opposite sides of the table in their communications leading up to assignment transaction, and their communications relate to business concerns outside the scope of the attorney-client privilege. *See Immersion Corp.*, 2014 WL 3948021, at *1 ("When the communication . . . primarily relates to business concerns, the communication is not within the scope of attorney-client privilege.").

8. The court's September 30, 2021 Memorandum Order reinforces the distinction between Plaintiff's role as Mr. Pulos' counsel and his role as the assignee of the '169 patent. (D.I. 36) There, the court concluded that the assignment of the '169 patent to Plaintiff prevented Plaintiff from providing legal counsel in this litigation. (*Id.* at 3) Specifically, the court found that Plaintiff was likely to be a necessary fact witness in his role as the assignee of the '169 Patent, which gave him "unique knowledge of the Patent's value" and experience on the issues of infringement, validity, and damages. (*Id.*) The court's *in camera* review of the challenged communications confirms that those documents relate to certain terms and execution of the assignment and confirmation agreements, which are already in the discovery record. Moreover, the documents are responsive to Defendants' Requests for Production Nos. 4-6 and are relevant to the issue of damages. (D.I. 69, Ex. M at 6)

9. Plaintiff suggests that the communications regarding the patent acquisition are privileged under the common interest privilege. (D.I. 70 at 2) However, Plaintiff's privilege log asserts only the attorney-client and work product privileges with respect to these documents. (D.I. 69, Ex. A at 7-8) Regardless, Plaintiff has not met his burden to show that he and Mr. Pulos were "allied in a common legal cause" in assigning the '169 patent, or that the communications "would not have been made but for the sake of securing, advancing, or supplying legal representation." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN, 2019 WL 4917894, at *2 (D. Del. Oct. 4, 2019) (internal citations and quotations omitted). Plaintiff and Mr. Pulos were necessarily on opposite sides of the table in transferring the rights to the '169 patent for the reasons set forth at ¶¶ 7-8, *supra*.

10. Having determined that the attorney-client privilege does not apply to Documents 62 to 68 and 73, the court need not reach the parties' arguments regarding any purported waiver of the privilege.

11. Defendants' motion to compel a more detailed description and/or the production of Documents 10 and 11 is DENIED. The court's *in camera* review of these communications confirms that they are not related to the assignment agreement or the confirmation agreement, and the description of the documents in the amended privilege log is adequate. (D.I. 69, Ex. A)

12. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Defendants' motion to compel is GRANTED with respect to Documents 62 to 68 and 73 on the privilege log. Plaintiff shall produce the communications identified as Documents 62 to 68 and 73 after the expiration of the objections period in Fed. R. Civ. P. 72(a) and the resolution of objections, if any, by the District Judge. Defendants' motion to compel a more detailed description and/or the production of Documents 10 to 11 on the privilege log is DENIED.

13.     Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 3, 2022**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Memorandum Order issued.

14.     This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

15.     The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge